JAMES E. WHITMIRE, ESQ.
Nevada Bar No. 6533
jwhitmire@whitmirelawnv.com
WHITMIRE LAW, PLLC
10785 West Twain, Suite 226
Las Vegas, Nevada 89145
Telephone:   702/846-0948
Facsimile:    702/727-1343
*Attorney for Plaintiff*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL MORTON,<br><br>    Plaintiff,<br>vs.<br><br>ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICES, INC. d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD<br><br>    Defendant. | Case No.:  2:23-cv-01320-GMN-DJA<br><br>**DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**As amended on page 2** |

  This is an ERISA case. The parties propose that the Court enter the following proposed Case Management Order to govern the litigation in this case:

  **1.**  **<u>Production of Administrative Record</u>.**

  Defendant shall produce the administrative record to Plaintiff by **September 13, 2024**. Plaintiff may identify additional documents to be included in the administrative record within fourteen (14) days of the close of any discovery permitted by the Court.

  **2.**  **<u>Deadline for Motions Regarding Standard of Review</u>.**

  Because the standard of review may affect the scope of discovery, any motion to determine the standard of review shall be filed by **October 10, 2024**. If the parties reach an agreement on the standard of review, they may submit a stipulation to the Court.

3.      **Discovery**.

    a.      The scope of discovery and any discovery limitations will be decided after the standard of review is determined by stipulation or order of the Court.

    b.      The parties shall submit a stipulation or motion to decide the scope of discovery and any discovery limitations within 21 days after the standard of review is decided.

    c.      If a discovery dispute arises, the parties ~~promptly shall call the Court to request a telephone conference concerning the dispute. The Court will seek to resolve the dispute during the telephone conference and may enter appropriate orders on the basis of the telephone conference. The Court may order written briefing if it does not resolve the dispute during the telephone conference. The parties shall not file written discovery motions without leave of Court.~~ shall file the appropriate motion.

    d.      Parties shall not contact the Court concerning a discovery dispute without first seeking to resolve the matter through personal consultation and sincere effort as required by Local Rules.

4.      **Filing the Administrative Record.**

The parties shall reconcile and file a stipulated Administrative Record ("AR") prior to the filing of any merits briefing to be decided by the Court.  After the final AR is filed with the Court, any references to the AR shall contain citations to the ECF document and page numbers of the filed AR (e.g. "EFC Doc. 1 at 1").

In any motion seeking judgment on the merits, the parties shall attach an exhibit containing chronologically ordered copies of each internal review of the Plaintiff's claim by the insurer, and each letter of decision issued by the insurer to the Plaintiff.  These exhibits should cite to the documents listed in the AR by their ECF filing number. An example of such exhibit would mirror the following:

**EXHIBIT 1 CHRONOLOGICAL TIMELINE**

***[copy of request for authorization]***

***[copy of initial review]***

1  ***[copy of second review]***

2  ***[copy of denial letter]***

3  ***[copy of appeal]***

4  ***[copy of appeal review]***

5  ***[copy of appeal denial letter]***

The goal of this exhibit should be to present the Court with a clear and cogent timeline of the insurer's review and the rationales adopted for denying Plaintiff's claim as well as the communication of those rationales and information to the Plaintiff.

**5.    Merits Briefing.**

This matter will likely be resolved through merits briefing in lieu of Rule 56 motions. The briefing may address the Administrative Record and any extrinsic evidence Plaintiff considers relevant. Defendant may argue that the extrinsic evidence is not relevant or properly considered. The briefs should address the applicable standard of judicial review and the overall propriety of the underlying claim decision. The parties should follow the page limits for Rule 56 motions. Unless otherwise modified by the Court, the following briefing deadlines shall apply:

    a.    Plaintiff's opening brief will be due on **February 7, 2025**.

    b.    Defendant's response will be due on **March 14, 2025**.

    c.    Plaintiff's reply will be due on **April 4, 2025**.

A party desiring oral argument shall place the words "Oral Argument Requested" immediately below the title of the filing pursuant to Local Rules. The Court will issue an order scheduling oral argument as it deems appropriate.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

8. **Good Faith Settlement Talks.**

All parties and their counsel shall meet in person or by video conference and engage in good faith settlement talks no later than **December 20, 2024**.

IT IS SO AGREED AND STIPULATED:

Dated this 9th day of August, 2024.    Dated this 9th day of August, 2024.

**WHITMIRE LAW, PLLC**    **PETERSON BAKER, PLLC**

/s/ James E. Whitmire    /s/ Tamara Beatty Peterson
JAMES E. WHITMIRE, ESQ.    TAMARA BEATTY PETERSON, ESQ.
Nevada Bar No. 6533    Nevada Bar No. 5218
10795 West Twain, Suite 226    701 S. 7th Street
Las Vegas, Nevada 89135    Las Vegas, NV 89101
*Attorney for Plaintiff*    *Attorney for Defendant*

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 8/15/2024

- 4 -